FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK

JUN - 8 2016

TIME 1:36 pm

Amanda VanOrsdol, Court Clerk

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
STATE OF OKLAHOMA

AMANDA L. MINTON, an individual, )
                                   )
            Plaintiff,             )
                                   )   Case No. BCJ -2016-00014
v.                                 )
                                   )
GLDN NUGTS, INC., an Oklahoma corporation, )
d/b/a/ McDONALDS OF OWASSO, its parent, )
sister, subordinate and successor companies, )
                                   )   ATTORNEY'S LIEN CLAIM
            Defendant.             )   JURY TRIAL DEMANDED

## PLAINTIFF'S PETITION

COMES NOW the Plaintiff, Amanda L. Minton, and makes this her Petition for claims and relief against Defendant, Gldn Nugts, Inc., its parent, sister, subordinate and successor companies, hereinafter collectively "Defendant", and alleges and states as follows:

## PARTIES

1. Plaintiff, Amanda L. Minton, is an individual with her only residence in Creek County, Oklahoma.

2. Defendant Gldn Nugts, Inc. is an Oklahoma corporation registered and doing business within the State of Oklahoma as "McDonalds of Owasso", with a place of business located in Creek County, Oklahoma.

## PLAINTIFF'S CAUSES OF ACTION AND JURISDICTION

3. This action arises due to: (i) Defendant's violation Title VII of the 1964 Civil Rights Act, as Amended, for gender based sexual harassment, and (ii) Defendant's violation of Title VII of the 1964 Civil Rights Act, as amended, for retaliation

4. The Court has jurisdiction over the subject matter and the parties to this action, and venue properly lies in the District Court for Creek County, State of Oklahoma, pursuant to 12 O.S.A. §133, 134, 143 and all other applicable statutes, because one or more of Plaintiff's

**EXHIBIT NO. 1**

1

causes of actions arose in Creek County, State of Oklahoma and Defendant has a place of business in Creek County, Oklahoma.

5. The amount in controversy exceeds $10,000.00, exclusive of costs and interest.

## ALLEGATIONS OF FACTS

6. Plaintiff is a female and was hired in or about April, 2014 by Defendant and became a shift manager at the McDonalds store located in Mannford, Oklahoma.

7. One of the male managers made unwelcomed lewd and sexually suggestive remarks to and about Plaintiff and other female employees on more than one occasion. Plaintiff was offended by the conduct of the manager, made to feel uncomfortable and emotionally upset by the manager's sexually suggestive remarks, behavior and harassment.

8. The offending male manager also made lewd and suggestive remarks to other female employees which were offensive to the reasonable sensibilities of Plaintiff as a woman. Defendant allowed a pattern of practice of sexual harassment within its business which created an adverse impact upon the Plaintiff and other female workers.

9. Even though Plaintiff had received no training regarding to whom or where such complaints should be reported, Plaintiff called the company hotline based on information obtained from the break room poster and, after not receiving any advice or follow-up and, because of continued harassment, in or about November 2014, Plaintiff complained to Defendant's management about the male manager's remarks and behavior. However, even after complaining of the unwelcome conduct directly to Defendant's management, the sexually offensive and unwelcome conduct continued.

10. Plaintiff was qualified for her job and had not engaged in any conduct which should cause Plaintiff to be terminated, however, Plaintiff was treated in a disparate and hostile manner which caused her to be adversely impacted.

11. Because of Plaintiff's complaints and opposition to unwelcomed sexual harassment, Defendant retaliated against the Plaintiff by accusing her of crimes and other wrong

2

doing, demoting her and reduced her work hours and income and then fired her in January 2015, all of which actions by Defendant adversely impacted the Plaintiff. Defendant's actions of retaliation against Plaintiff demonstrated animosity toward Plaintiff's gender.

12. Defendant established a practice of retaliation and/or fear of retaliatory action for those who complained about the harassment in a sexually charged workplace.

13. Subsequent to the Plaintiff's filing of her complaint of her treatment to the Equal Employment Opportunity Commission and because of her opposition to unlawful employment practices of the Defendant, Defendant retaliated against Plaintiff and adversely impacted Plaintiff by removing her from the work schedule and firing Plaintiff. The reasons provided by Defendant for her termination were a ruse for discriminatory and retaliatory conduct by the Defendant.

14. Plaintiff has complied with all procedural requirements and received her right-to-sue letter from the Equal Employment Opportunity Commission on or about April 22, 2016.

**CLAIM I:   DEFENDANT'S GENDER BASED SEXUAL HARASSMENT OF PLAINTIFF IN VIOLATION OF §704, et seq., OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

15. The preceding paragraphs numbered 1 through 14 are incorporated herein by reference.

16. Defendant's actions of disparate treatment toward Plaintiff, allowing a gender based hostile work environment and allowing Plaintiff to be sexually harassed, and Defendant's failures to act to prevent Plaintiff from being sexually harassed and discriminated against and retaliated against were based on her gender in violation of Title VII, of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000(e) et seq. -2(a)(1).

17. As a result of Defendant allowing Plaintiff to be subjected to gender based sexual harassment, Defendant has violated the Civil Rights Act of 1964, as amended, pursuant to Title VII, and as a result Plaintiff has suffered a reduction in earnings, emotional distress, humiliation, the effects of discriminatory conduct, other injuries and damages, and continues to suffer loss of

earnings, emotional distress and humiliation and other damages in an amount in excess of ten thousand dollars ($10,000.00).

18.    Defendant's actions, and failure to act when it should have, were done in bad faith and with intent to injure and were oppressive, malicious and a gross and willful disregard of the known rights of Plaintiff, justifying the imposition of an award of exemplary, special or punitive damages against Defendant in favor of Plaintiff in an amount in excess of ten thousand dollars ($10,000.00).

**CLAIM II:    DEFENDANT'S RETALIATION AGAINST PLAINTIFF IN VIOLATION OF §704(a) of TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

19.    The preceding paragraphs numbered 1 through 18 are incorporated herein by reference.

20.    Defendant's actions of retaliation against Plaintiff due to her complaints to management about sexual harassment and her complaints to the Equal Employment Opportunity Commission were based on her gender and her opposition to unlawful conduct pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000(e)-3(a), et seq.

21.    As a result of Defendant's retaliatory treatment and conduct against Plaintiff, Defendant has violated the Civil Rights Act of 1964, as amended, pursuant to Title VII, and has caused Plaintiff to suffer a reduction in earnings, emotional distress, the effects of discrimination, other injuries and damages, and Plaintiff continues to suffer loss of earnings, emotional distress and humiliation and other damages in an amount in excess of ten thousand dollars ($10,000.00).

22.    Defendant's actions, and failure to act when it should have, were done in bad faith and with intent to injure and were oppressive, malicious and a gross and willful disregard of the known rights of Plaintiff, justifying the imposition of an award of exemplary, special or punitive damages against Defendant in favor of Plaintiff for retaliatory treatment in an amount in excess of ten thousand dollars ($10,000.00).

Jul 29 16 04:21p    Top Act/ GLDN NUGTS    918 272 4161    p.4

**WHEREFORE, Plaintiff prays for judgment against Defendant for:**

23. Damages against Defendant to compensate Plaintiff for economic, compensatory, legal, equitable, tangible, intangible, emotional distress injuries and all other damages allowed under law resulting from Defendant's violations of Title VII of the 1964 Civil Rights Act, as amended, for gender based discrimination, disparate treatment, sexually charged hostile work environment and other unlawful acts in an amount in excess of ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in this and in another paragraph; and

24. Against Defendant, for unlawful gender based discrimination, appropriate punitive damages in an amount exceeding ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in another paragraph; and

25. Damages against Defendant to compensate Plaintiff for economic, compensatory, legal, equitable, tangible, intangible, emotional distress injuries and all other damages allowed under law resulting from Defendant's violations of Title VII of the 1964 Civil Rights Act, as amended, for retaliation against Plaintiff for her opposition to unlawful discrimination and her participation in opposition to unlawful discrimination in an amount in excess of ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in this and in another paragraph; and

26. Against Defendant, for unlawful retaliation, appropriate punitive damages in an amount exceeding ten thousand dollars ($10,000.00), according to proof and to the extent not duplicative of the recovery in another paragraph; and

27. Against Defendant, nominal damages in an amount according to proof and to the extent not duplicative of recovery in another paragraph; and

28. The equitable remedy of purging Plaintiff's personnel file of any taint that has accumulated in the files against Plaintiff, and

29. Such other equitable relief as is appropriate and helpful in purging Plaintiff of the effects of the Defendant's actions in violation of her rights asserted above, and

30. The costs of the lawsuit herein, including appropriate interest and any applicable attorney's fees, and

31. Jury trial demanded, and

32. Statutory and common law attorney liens claimed, and

33. Such other and further relief as is just and proper.

### VERIFICATION OF AMANDA L. MINTON

STATE OF OKLAHOMA   )
                    ) ss.
COUNTY OF TULSA     )

I, Amanda L. Minton, of lawful age, upon oath state that I have read the foregoing Petition and that I am familiar with the matters set forth therein, and that the same are true and correct to the best of my information, knowledge and belief.

*Amanda Minton*
Amanda L. Minton

Subscribed and sworn before me, a notary public, this 6th day of ~~May~~ June, 2016, by Amanda L. Minton.

*Debra Geeter*
Notary Public

My Commission Expires: 1-25-19    My Commission Number: 03000150

Respectfully submitted,

*David W. Davis*
David W. Davis, OBA #015067
601 South Boulder, Suite 100
Tulsa, Oklahoma 74119
918-592-2007   918-592-2005 facsimile
davewd48@cox.net
Attorney for Plaintiff

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| AMANDA L. MINTON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. B-CJ-2016-14 |
| ) | |
| GLDN NUGTS INC., an Oklahoma corporation, ) | |
| d/b/a MCDONALD OF OWASSO, its parent, ) | |
| sister, subordinate and successor companies, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST COMBINED REQUESTS TO DEFENDANT FOR INTERROGATORY RESPONSES *AND* REQUESTS FOR ADMISSIONS *AND* REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW** the Plaintiff, Amanda L. Minton, and pursuant to 12 O.S. Sections 3233 and 3234, hereby requires Defendant to answer the following Interrogatories separately and fully in writing under oath, to provide documents, and to serve a copy of said answers to Interrogatories and responses to the document production upon Plaintiff's attorney within forty-five (45) days after the date of service hereof.

Each of the Interrogatories hereinafter set forth not only calls for the knowledge of Defendant but also calls for all knowledge that is available to Defendant by reasonable inquiry, including *inquiry* to Defendant's representatives and attorneys. If any Interrogatory cannot be answered upon personal knowledge, please so state and then answer the same by whatever evidence is available, stating its source and the names and addresses of each person consulted.

If Defendant is without personal knowledge as to any Interrogatory, have the same answered by all persons whom Defendant will call as witnesses upon the trial of this cause.

**The Interrogatories, Production Requests and Admission Requests below propounded are of a continuing nature, and in the event there is any**

1

**change of conditions between the time of answering the above-mentioned Interrogatories and the time of trial of the above-styled and entitled action, Defendant will be expected to furnish to Plaintiff, prior to trial, amended answers to such of the above Interrogatories as are indicated.**

### DEFINITIONS

1. As used herein, the term "document(s)" refers to all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, correspondence; memoranda; notes; diaries; statistics; letters; materials; invoices; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; inter-office and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matters; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video tape, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitations, tapes, cassettes, cartridges, disks, chips and records.

2. As used herein, "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity. Any reference to a specifically named person, corporation or other entity and any reference generally to persons shall include the employees, agents, representatives, and other persons acting on behalf thereof or through whom the referenced person acts.

3. As used herein, "communications" shall include any and all forms of communication including, but not limited to, conversations, conferences, meetings, and other face-to-face communications, telephone calls, and all other forms of aural or oral communication, correspondence, telegraphs, telexes and all other forms of written communication.

4. "Writing" shall refer to any written material, whether typed, handwritten, printed or otherwise, or any photograph, Photostat, microfilm, or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement and contract.

5. The words "you" or "your" or "Defendant" refer to Gldn Nugts, Inc., and includes any manager, officer, employee, agent, or representative and all other persons acting or whom Gldn Nugts, Inc. believes to act on its behalf.

6. "Describe" or "Description" shall mean: (1) When used in reference to persons or the members of a class, means to identify each individual person or member of a class; and (2) When used in reference to a document means to state the following as to each document:

   a. The nature and contents thereof
   b. The date thereof
   c. The name, address, and position of the author or signor thereof
   d. The name, address and position of the addressee, if any
   e. The present location thereof and the name, present address and position of the person or persons having present custody thereof.

7. Each Request for Production refers to all documents that are either known by Gldn Nugts, Inc. to exist or that can be located or discovered by reasonable diligent efforts of Gldn Nugts, Inc. If you cannot respond to the request in full, respond to the extent possible and explain your inability to provide the documents requested.

8. Reference to "store" shall mean the McDonald's located in Mannford, Oklahoma.

9. Whenever Defendant is instructed to identify a person, such identification shall include name, address, last known phone land line and cell numbers,

## INSTRUCTIONS

These Interrogatories and Requests for Production of Documents shall be deemed continuing so as to require additional answers if the party upon whom they are served acquires additional information between the time answers are served and the time of trial. Such additional answers shall be served from time to time, but no later than thirty (30) days after such further information is received by said party.

Each Interrogatory or Request is to be considered as having been asked individually of the party on whom they are served, and said party shall respond first by giving the questions or admissions followed by said party's response.

Whenever used herein, the singular shall be deemed to include the plural and the plural shall be deemed to include the singular, the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine, and the disjunctive "or" shall be deemed to included the conjunctive "and" and the conjunctive "and" shall be deemed to include the disjunctive "or," and each of the functional words "each," "every," "any," and "all," shall be deemed to include each of the other functional words.

Interrogatories which cannot be answered in full shall be answered as completely as possible, incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and by a statement of whatever knowledge, information or belief you possess with respect to each unanswered or incompletely answered interrogatory.

Jul 29 16 04:23p   Top Act/ GLDN NUGTS   918 272 4161   p.10

Plaintiff requests that Defendant produce responsive documents in the order they were or are kept in the usual course of business, and that the documents produced be identified with the applicable and corresponding numbered requests below.

If you withhold information otherwise discoverable under the Oklahoma Discovery Code, by claiming that it is privileged or subject to protection as trial preparation material, you shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other party to access the applicability of the privilege or protection.

## PLAINTIFF'S FIRST INTERROGATORY REQUESTS

**INTERROGATORY NO. 1:**   Identify each person, name, address, telephone number and employment position with the Defendant, who has answered or has assisted in answering these Interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 2:**   Explain in detail, including the date and time, of the actions and/or investigations that Defendant undertook upon learning of Plaintiff's complaint of her allegations of sexual harassment by Randy Ford or any other person(s).

**RESPONSE:**

**INTERROGATORY NO. 3:**   State what actions were taken by Defendant to protect Plaintiff from a hostile work environment.

**RESPONSE:**

**INTERROGATORY NO. 4:** If Defendant believes that it acted appropriately upon learning of the allegations of sexual harassment from Plaintiff, what reasons or reason does Defendant contend formed the basis, in whole or in part, that Defendant acted appropriately.

**RESPONSE:**

**INTERROGATORY NO. 5:** Explain in detail each date and reason Plaintiff's assigned work hours were reduced or eliminated entirely.

**RESPONSE:**

**INTERROGATORY NO. 6:** For each employee of the Defendant who worked in the Mannford store during 2014 through July 31, 2016, provide the employee's name, address, last known phone numbers, employment position, hire date and termination date, and a detailed substance of any facts they may possess concerning Plaintiff's allegations or Defendant's defenses in this action.

**RESPONSE:**

**INTERROGATORY NO. 7:** If Defendant disciplined or took some type of employment action against any employee(s) as a result of Plaintiff's allegation of sexual harassment, identify each and every action it undertook and why the action was taken.

**RESPONSE:**

**INTERROGATORY NO. 8:** Provide a complete and detailed statement of every incident of Plaintiff's alleged misconduct, including the date, time, people involved or witnesses to the alleged misconduct.

**RESPONSE:**

6

**INTERROGATORY NO. 9:** State each and every date that Plaintiff made a complaint to Defendant or Defendant's Management regarding employment issues in the workplace and provide the detailed facts regarding such employment issues.

**RESPONSE:**

**INTERROGATORY NO. 10:** State the date(s) of any investigation into Plaintiff's complaint(s), including the date each investigation was initiated, completed and the facts determined from the investigation.

**RESPONSE:**

**INTERROGATORY NO. 11:** State the date(s) that Plaintiff was either demoted or promoted during her employment with Defendant and the reason(s) for the demotion or promotion.

**RESPONSE:**

**INTERROGATORY NO. 12:** In the event any of the below Requests For Admissions cannot be unqualifiedly and completely admitted by Defendant, state each and every fact which supports Defendant's inability to fully and completely admit the Admission Request and include the dates, identities of witnesses, and detailed substance of the facts.

**RESPONSE:**

**INTERROGATORY NO. 13:** List each witness, including expert witnesses, that you anticipate calling to trial in this suit and give a detailed account of their anticipated testimony.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Admit that Plaintiff was hired by you in or about April, 2014.

**RESPONSE:**

**REQUEST NO. 2:**   Admit that in or about November, 2014, Plaintiff reported to you that she was being subjected to harassment.

**RESPONSE:**

**REQUEST NO. 3:**   Admit that Plaintiff was qualified for her job.

**RESPONSE:**

**REQUEST NO. 4:**   Admit that Plaintiff performed the essential functions of her job in a satisfactory manner.

**RESPONSE:**

**REQUEST NO. 5:**   Admit that Plaintiff made complaints of unwelcomed sexual harassment by Randy Ford.

**RESPONSE:**

**REQUEST NO. 6:**   Admit that you demoted Plaintiff after she made complaints of unwelcomed sexual harassment.

**RESPONSE:**

**REQUEST NO. 7:**   Admit that you reduced Plaintiff's work hours after Plaintiff complained of unwelcomed sexual harassment.

**RESPONSE:**

**REQUEST NO. 8:**   Admit that Plaintiff was fired on or about January, 2015 and subsequent to filing a complaint of sexual harassment with the Equal Employment Opportunity Commission.

**RESPONSE:**

**REQUEST NO. 9:**   Admit that Defendant did not conduct a thorough investigation into Plaintiff's allegations of harassment.

**RESPONSE:**

**REQUEST NO. 10:** Admit that Defendant allowed Randy Ford to continue working with Plaintiff.

**RESPONSE:**

**REQUEST NO. 11:** Admit that Plaintiff worked as a shift supervisor for Defendant and reported to Randy Ford.

**RESPONSE:**

**REQUEST NO. 12:** Admit that Defendant advised its Franchisor, McDonalds Corp., of Plaintiff's complaints of sexual harassment and received direction and advice from the Franchisor concerning discipline and/or termination of the Plaintiff.

**RESPONSE:**

**REQUEST NO. 13:** Admit that Defendant has security cameras located in the Mannford store.

**RESPONSE:**

**REQUEST NO. 14:** Admit that for each incident which Defendant complains that Plaintiff violated some policy of the Defendant, that Defendant has preserved the video from such security cameras.

**RESPONSE:**

**REQUEST NO. 15:** Admit that for each hostile work incident for which Plaintiff complained to Defendant, the video from the relevant security cameras have been preserved by Defendant.

**RESPONSE:**

9

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST NO. 1:** True and correct copies of all time Plaintiff's time clock records and attendance records during her employment with Defendant at all locations.

**RESPONSE:**

**REQUEST NO. 2:** True and correct copies of all time clock and attendance records from April 1, 2014 through July 31, 2015 for all employees, supervisors and mangers who worked at the Mannford store, including, but not limited to those of employee Randy Ford.

**RESPONSE:**

**REQUEST NO. 3:** Provide all documents, including, but not limited to, witness statements, video images, e-mails, reports, communications, writings, investigative reports, text messages, reprimands, suspensions, demotions or discharges which in any manner refers to the Plaintiff or refers to any incident which Plaintiff complained about or depicts the image of Plaintiff.

**RESPONSE:**

**REQUEST NO. 4:** Provide a complete copy of all handbooks, policy manuals, personnel manuals applicable to Plaintiff.

**RESPONSE:**

**REQUEST NO. 5:** Provide Randy Ford's verbatim employee and personnel files from the time of his first employment with Defendant until the present. Plaintiff will agree to enter into a mutually satisfactory protective order.

**RESPONSE:**

10

**REQUEST NO. 6:** Provide Plaintiff's verbatim employee files and personnel files from April 2014 through the end of her employment. Plaintiff will agree to enter into a mutually satisfactory protective order.

**RESPONSE:**

**REQUEST NO. 7:** Provide the verbatim employee files and personnel files for all employees employed at the Mannford store from April, 2014 to the present. Plaintiff will agree to enter into a mutually satisfactory protective order.

**RESPONSE:**

**REQUEST NO. 8:** Provide all documents reviewed by Defendant or referred to in formulating Defendant's response to Plaintiff's interrogatory requests and requests for Admissions set forth above.

**RESPONSE:**

**REQUEST NO. 9:** All recordings, writings, documents which address, support or tend to offer some evidence or facts to disprove Plaintiff's alleged claims and damages in this lawsuit.

**RESPONSE:**

**REQUEST NO. 10:** Because Plaintiff has an allegation of punitive damages, provide Defendant's annual balance sheet for 2015 and 2016, when available, and Defendant's federal and state tax returns for 2015 and 2016, when available.

**RESPONSE:**

**REQUEST NO. 11:** Provide all documents which demonstrate what benefits Plaintiff earned from her employment in 2014 and 2015, including but not limited to, paycheck advice, 401(k)'s, Keogh's, SEP's, vacation programs, pension plans, savings plans, medical insurance plans, dental insurance plans and life insurance plans.

11

**RESPONSE:**

*[Signature]*
David W. Davis, OBA #15067
David W. Davis, PC
601 S. Boulder, Suite 100
Tulsa, Oklahoma 74119
(918) 592-2007  Fax: (918) 592-2005
Attorney for Plaintiff

### CERTIFICATE OF MAILING

The undersigned certifies that on this 27th day of July 2016, a copy of the foregoing discovery requests was deposited in the U.S. Mail, with first class postage affixed and prepaid, and addressed, along with the Petition and Summons for service of process, to the following persons at the following address:

GLDN NUGTS, INC.
Attn: Registered Service Agent, Timothy Rich
13801 East 93rd Court North
Owasso, Oklahoma 74055

*[Signature]*
David W. Davis